STATE OF MISSOURI, Respondent, v. A. L. HELTON, Appellant.

Springfield Court of Appeals, April 4, 1910.

CRIMINAL LAW: Druggist: Selling Intoxicating Liquor: Evidence. Defendant, a druggist, was tried on the charge of selling intoxicating liquor in violation of law. In addition to one witness testifying that he had purchased a half pint of whisky of defendant's clerk, it was also shown by the State, over the objections of defendant, that out of a barrel of whisky purchased by defendant on the first of the month, sixteen gallons had been sold by the middle of the month, and that defendant also kept beer on ice in the back room of the drugstore. *Held*, that the evidence was sufficient to support the verdict of guilty, and that the evidence admitted over defendant's objection was properly admitted as circumstances to be considered by the jury.

Appeal from Greene Criminal Court.—*Hon. A. W. Lincoln*, Judge.

AFFIRMED.

*F. T. Stockard* and *P. T. Allen* for appellant.

*Roscoe C. Patterson* and *Alfred Page* for respondent.

GRAY, J.—This appeal comes to this court because the defendant was found guilty, on the 4th day of April, 1906, by jury, in the criminal court of Greene county, after a trial, on the charge of selling intoxicating liquors in violation of law.

There are but two points urged for reversal of the judgment. First, it is claimed the evidence is not sufficient to support the verdict, and second, that the court erred in permitting testimony as to the amount of whiskey and beer on the premises of the defendant. It was admitted at the opening of the trial, that the defendant, at the time complained of, was the owner and proprietor of a drugstore in the town of Republic, and he had in his said drugstore, a registered pharmacist.

The testimony in behalf of the State was given by one James Blades, who testified that in February, 1905, he went into the drugstore and bought one-half pint of whiskey of the defendant's clerk, and paid twenty-five cents for it. The witness admitted, on cross-examination, that he had told persons he had purchased no intoxicating liquors at the defendant's place. The witness gave his reasons for making such statement, that the boys were teasing him about giving some one away.

The clerk was introduced in behalf of the defendant, and denied that he ever sold Blades intoxicating liquors at any time with or without a prescription. On

cross-examination this witness was asked as to the number of cases of beer and the amount of whiskey kept on hand at the drugstore. The witness admitted that on a former trial he had testified that about the time the sale in question was made, that the defendant got a barrel of whiskey, consisting of thirty-two gallons, the first of the month, and half of it was sold by the middle of the month. The witness also testified that they kept beer in the back room in an ice chest, and that they had about a barrel of beer at a time, consisting of about six dozen bottles.

The testimony, we believe, was admissible. The fact that in a half a month the defendant, as a druggist, disposed of sixteen gallons of whiskey, and that he also kept beer on ice in the back room, was a circumstance to be considered by the jury in determining whether the defendant was selling intoxicating liquors in violation of law.

The testimony was sufficient to submit the case to the jury, and we are not authorized to set aside the verdict of a jury when it is supported by substantial evidence in the case. It seems to us that the trial was without error, and the judgment will be affirmed. All concur.